UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LEE BRIDGEMAN,<br><br>    Petitioner,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Respondent. | Case No. 20-cv-00649-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to obtain custody of her minor child. Petitioner has paid the filing fee.

**BACKGROUND**

In November 2018, the minor at issue, TSB, was removed from the home of his grandmother and appears to have been placed with a foster parent. Petition at 7-8. Petitioner argues that the foster parent is unfit, and the social worker assigned to the case raises his voice and does not have the patience for social work. *Id*. at 11. For relief, petitioner seeks TSB to be released from the custody of the foster parent. *Id*. at 14.

**DISCUSSION**

The Court first notes that to challenge collaterally in federal habeas proceedings either the fact or length of one's confinement the party must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). It does not appear that this petition has been exhausted.

Even if the petition is exhausted, it is dismissed for lack of jurisdiction. Federal habeas corpus has never been available to challenge parental rights or child custody. *See Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511 (1982). A federal habeas petition challenging a state's child-custody determination simply seeks to relitigate the petitioner's interest in his or her own parental rights. *See id.* A federal court has no jurisdiction to relitigate these interests; federal courts are not courts of appeal from state decisions. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983). To extend the federal writ to challenges to state child-custody decisions based on alleged constitutional defects collateral to the actual custody decision would be an unprecedented expansion of the jurisdiction of the federal courts. *See Lehman*, 458 U.S. at 512.

In addition, children placed in foster homes are not in the "custody" of the state for purposes of 28 U.S.C. § 2254, *see Lehman* at 510, nor is the "custody" of foster or adoptive parents the type of custody that traditionally has been challenged through federal habeas, *see id*. at 511. *See also Donnelly v. Donnelly*, 515 F.2d 129, 130 (1st Cir. 1975) (habeas corpus not intended to encompass kind of parental custody of children involving issues of visitation), *cert. denied*, 423 U.S. 998 (1975).

The Court concludes that *Lehman* governs this case. "Family relations are a traditional area of state concern" and implicate an important state interest. *Moore v. Sims*, 442 U.S. 415, 435 (1979).

> This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, *see Ankenbrandt v. Richards*, 504 U.S. 689, 697–701, 112 S.Ct. 2206, 119 L. Ed. 2d 468 (1992), and in which the state courts have a special expertise and experience. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).

*H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). For these reasons, the Supreme Court has long opined that federal courts should decline jurisdiction in domestic relations cases. *See Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and

its grandfather, it is one in regard to which neither the congress of the United States, nor any authority of the United States, has any special jurisdiction."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (since *Burrus*, "the federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors,'" and "the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). As a matter of federalism and comity, it is appropriate to apply *Lehman* to this case and conclude that federal habeas jurisdiction is lacking, particularly given petitioner's apparent failure to provide the state high court an opportunity to review the claims.

Petitioner may try to amend the petition in a manner consistent with this order. Petitioner is advised to follow the appropriate county or state procedures to pursue custody.

## CONCLUSION

1. If petitioner chooses to amend, the amended petition must be filed by March 30, 2020. Failure to file an amended petition within the designated time may result in the dismissal of this action.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 28, 2020

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE LEE BRIDGEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>        Defendants. | Case No. 20-cv-00649-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephanie Lee Bridgeman
2727 Horizon Court
Stockton, CA 95206


Dated: February 28, 2020

                                        Susan Y. Soong
                                        Clerk, United States District Court


                                        By: *[signature]*
                                        LISA R. CLARK, Deputy Clerk to the
                                        Honorable JAMES DONATO